WILBUR, Respondent, v. CLARK et al., Appellants.

1. A., a member of a firm composed of A., B. and C., sold out to B. and C.; and the latter, with D. and E. as securities for the performance of their obligation, assumed to pay the debts of the partnership, and in particular a note for $488 18, due from the partnership. B. and C. failed to pay said note, and A. having paid a judgment recovered thereon in the state of Iowa against himself and his co-partners, brought a suit against D. and E. for indemnification. *Held*, that the entire correspondence between the note set out in plaintiff's petition and that described in a transcript of the record and proceedings in the Iowa suit, would warrant the court in finding that the notes described were the same note.
2. Where a cause is tried by the court sitting as a jury, it is not erroneous to refuse instructions asked by either party to the suit.

*Appeal from Franklin Circuit Court.*

This was a suit instituted by Horatio N. Wilbur against Jacob Clark and Randolph W. Apperson, on the following obligation, to-wit: "I, Horatio N. Wilbur, of the city of Keokuk, county of Lee, and state of Iowa, have this day sold all my interest in the shoe and boot concern of Wilbur, Newman &

Co., to John Cunningham and Lorenzo Newman, principals, and Jacob Clark and R. W. Apperson, securities, for the sum of $485 04, paid and to be paid in the following manner, viz. : $184 25 in hand, and $300 79, my part of the debts of the concern, as may be seen by reference to a note held against the firm by Manny & Weld for $488 18, dated September 29, 1848 ; and one note held by How, Claflin & Cook for $414 18, of the same date, each to run four months from date. It is agreed in this sale that the said purchasers and their said securities assume the payment of the above specified debts, and are hereby bound, with their heirs, executors and assigns, to release the said Wilbur from the aforesaid liabilities, by their (the said purchasers) paying the whole amount of said debts, &c. The said Wilbur this day gives up to the said purchasers all his interest in said concern ; and the said purchasers, with their securities, are bound to fulfil their part of this obligation by their subscription of their names hereunto, this 10th day of November, 1848. [Signed] Lorenzo Newman, John C. Cunningham, Jacob Clark, R. W. Apperson."

The breach of the agreement assigned by plaintiff was, that the note described above, for $488 18, due Manny & Weld, was not paid by defendants, or by Newman or Cunningham, their co-obligors ; but that judgment was obtained in the state of Iowa on said note against plaintiff, Wilbur, for an unpaid balance due said note of $216 92, which said judgment was satisfied by plaintiff.

In support of petition, there was introduced in evidence a transcript of the judgment and proceedings in the district court of Desmoines county, in the state of Iowa, in a case between Manny & Weld, plaintiffs, and Wilbur, Newman & Cunningham, defendants. This suit was on a note identical in description with that mentioned in the above obligation. Judgment was given in this suit against the defendants for an unpaid balance of $216 92. This judgment was satisfied by Wilbur, by the payment of $200. Defendants objected to the admission of this transcript in evidence : the objection was overruled.

Wilbur v. Clark.

The cause was tried by the court sitting as a jury, and, the defendants having been found by the court to be indebted to the plaintiff in the sum of $236 82, judgment was given against the defendants for that sum. In the course of the trial the court refused to give certain instructions asked for by defendants. Defendants appealed to this court.

*Charles Jones*, for appellants.

*Stevenson*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

There is nothing in this case for which it should have been brought here. The objection to the depositions, growing out of the alleged want of notice, has no foundation in fact, as the notice, with its service, is in the record.

The entire correspondence between the note sued on in Iowa and described in the record of the judgment obtained in that state, and that set out in the petition in this cause, amply sustained the court in the finding that it was the same instrument. There was no evidence that there were two notes alike in sums, dates and terms of payment between the parties to that instrument. The evidence, under the circumstances, was almost conclusive.

The obligation incurred by the defendants, was to pay the entire debt for the plaintiff. The plaintiff, by the terms of the agreement, was to be released from the aforesaid liabilities by the defendants paying the whole amount of the said debts. One of these debts was afterwards sued on, and a judgment was recovered in Iowa against the plaintiff, which he satisfied.

As this was a trial by the court, there was no impropriety in refusing instructions. The law is properly declared on the facts found. The judgment is affirmed, with ten per cent. damages ; the other judges concurring.